**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valerie Wilson, | No. CV-23-00622-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Valerie Wilson seeks review of the Social Security Commissioner's final decision denying her disability insurance benefits. Because the Administrative Law Judge's ("ALJ's") decision was supported by substantial evidence and not based on legal error, it is affirmed.

**I.  Background**

Wilson filed an application for disability insurance benefits on July 15, 2020, alleging a disability beginning May 20, 2019. (Administrative Record ("AR") 12, Doc. 8-3 at 13.) Wilson alleged she was disabled and therefore unable to work in her previous occupation as a kindergarten and preschool teacher because of medical conditions that included valley fever and ulcerative colitis. (AR 167-68.)

After a hearing at which Wilson testified, the ALJ denied the application on May 26, 2022. (AR 25.) The ALJ found that both valley fever and ulcerative colitis could qualify as severe impairments significantly limiting the ability to work. (AR 15.) But the ALJ concluded that Wilson's impairments did not meet or medically equal the severity

requirements of any listed impairment because the objective medical evidence showed that the valley fever had largely resolved such that Wilson "no longer needed follow up" and the ulcerative colitis was "well controlled" during the disability period. (AR 18-21.) As to residual functional capacity, the ALJ found that Wilson could perform medium work with additional limitations on climbing and being exposed to dust, fumes and smoke. (AT 18-23.) Wilson's past work as a teacher did not exceed her residual functional capacity and additional jobs Wilson could perform—hand packager and laundry worker—also existed in significant numbers the national economy. (AR 23-24.)

The ALJ therefore found that Wilson had not been under a disability through the date of the decision. (AR 25.) The Appeals Council denied Wilson's request for review. (AR 1-3.)

**II.     Legal Standard**

The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id*. The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

**III.    Discussion**

Wilson argues the ALJ erred by rejecting her subjective complaints about the severity of her fatigue. When a claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to cause the severity of the symptom alleged and there is no evidence of malingering, an ALJ may only reject subjective testimony about the severity of the symptom in the claimant's particular case by offering "specific, clear and convincing reasons for doing so." *See Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)).

Wilson's argument fails because the ALJ did not reject her fatigue testimony. The

ALJ found certain disability symptoms Wilson alleged—difficulty breathing, pain in her lungs, an inability to walk far due to dyspnea, dizziness and groin pain, nausea, constipation and diarrhea—to be inconsistent with the objective medical evidence. (AR 19-21, 167.) But the ALJ generally "took into consideration [Wilson's] subjective complaints." (AR 23.) And as to fatigue specifically, the ALJ: (1) credited Wilson's fatigue complaints to reject in part the state's medical consultant's prior administrative finding that Wilson had no severe impairments; and (2) found that the consultative examiner's opinion on limitations failed to sufficiently take fatigue into account. (AR 21-22.) The ALJ was not required to offer clear and convincing reasons when she credited rather than rejected Wilson's fatigue symptoms.

Even if the ALJ had implicitly discounted Wilson's fatigue testimony, such a decision would have been supported by a conflict with the objective medical records. An ALJ need not make "specific findings" when analyzing symptoms of underlying medical conditions that have "come under control." *See Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir. 2003). Wilson's own treating physicians doubted that her ongoing fatigue stemmed from the resolving valley fever; instead, they recommended testing for sleep apnea. (AR 544, 549, 572-73.) This case is therefore unlike *Revels*, 874 F.3d at 655, on which Wilson relies.

Wilson also challenges the specificity of the ALJ's findings discounting her testimony as to other symptoms. Findings are sufficiently specific when they permit a reviewing court to conclude that the ALJ "did not arbitrarily discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (simplified). The ALJ cited specific portions of the objective medical records that were inconsistent with Wilson's statements as to her shortness of breath, groin pain, pain in the lower right abdomen, fever, nausea, constipation, and diarrhea. (AR 19-21.) The treating providers' medical records included "overwhelmingly" normal respiratory exams, the discontinuation of pulmonary follow-up, the lack of gait disturbance or acute distress on physical examinations, and colitis symptoms that were "well controlled" with diet, water, and

exercise. (AR 20-21.) This record reflects that the ALJ did not arbitrarily discredit Wilson's testimony. *Id*. at 1039-40. Because substantial evidence supports the Commissioner's disability determination,

**IT IS ORDERED** affirming the May 26, 2022 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 23rd day of August, 2024.

Honorable Krissa M. Lanham
United States District Judge